GUIDRY, Justice,
concurs in part, dissents in part, and assigns reasons.
hi concur in the majority opinion’s holding that the City of Crowley is improperly using certain sales tax proceeds for statutorily-mandated promotional increases and any ancillary expenses or costs associated with that unauthorized use of the sales tax fund.[1] However, I respectfully dissent in part from the majority opinion’s holding that the City is improperly using sales tax proceeds to cover corresponding, discrete increases in overtime pay, holiday pay, and *802 ancillary expenses and costs incurred as a result of properly authorized salary increases. The majority reasons that the sales tax proposition could have been worded more specifically to include such ancillary or associated costs but was not, and, further, that such costs, some of which are the legal obligation of the employer, should be paid out of the City’s general fund, and not out of the new tax revenue, because they are not included in an employee’s “salary.” However, if the test is, as the majority opinion asserts, “the understanding that can reasonably be ascribed to the voting population as a whole,” ante, pp. 796-97, then such ancillary costs of the proposed salary increases would logically be included as payable from the additional sales taxes imposed upon the | .¿voters and not from the City’s general fund. According to my reading, the approved proposition does not indicate in any manner whatsoever that the salary increases — to be paid for solely from the new sales tax — would result in additional and unfunded financial liability to the City’s general fund. Therefore, my view is that the voting public would surely expect, in authorizing additional sales taxes to pay for salary increases for certain City employees, that such new revenue would also be the source for paying the ancillary costs incurred as a result of those authorized salary increases and not to place any additional costs upon the City’s general fund. Essentially, the majority opinion holds that the voting public would have understood that the ancillary costs associated with the additional take-home pay for certain City employees would be paid from the City’s general fund and not the new tax revenue source it had voted to impose upon itself to fund those salary increases, but I can discern no support for such a conclusion.

. These ancillary expenses or costs include the corresponding increases in contributions to the Firefighters’ Retirement System, FICA taxes, workers’ compensation insurance premiums, and unemployment compensation taxes.